IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00041-MR

| | |
|---|---|
| **NATHAN PIKE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **CATAWBA COUNTY DSS, et al.,** | )     **ORDER** |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff has also filed a Letter [Doc. 7] that is construed as a Motion to Appoint Counsel. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se Plaintiff, who is serving a sentence of between 20 and 29 years for first-degree statutory rape,[1] filed this action pursuant to 42 U.S.C.

---

[1] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0641974&searchLastName=pike&searchFirstName=nathan&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed July 1, 2022); see Fed. R. Evid. 201.

§ 1983[2] addressing his "rights to freedom."[3] [Doc. 1 at 3]. The Plaintiff names as the sole Defendant "Catawba County DSS social workers." [Id. at 2]. He claims that his daughter's uncle raped her and blamed the Plaintiff for the offense, and that he was "discriminated by Caldwell County as well as harassed and blackmail[ed] by the law officers and the DSS." [Id. at 5]. As injury, he refers to his daughter's rape. [Id.]. For relief, he "want[s] them to let [him] go home and lock up the guilty ones." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

---

[2] The Plaintiff also purports to sue under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), but he has named no federal actors as defendants. Therefore, this action is construed as an action under § 1983.

[3] The Plaintiff filed a duplicative action, Case No. 5:22-cv-00042-MR, which has been dismissed.

2

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the body of the Complaint contains allegations against Vernon W. Pike; Barbar [sic] S. Pike; Billy M. Pike; Charlie M. Pike, and Wanda A. Pike [Doc. 1 at 12]; however, these individuals are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005)

3

("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

Even if the Plaintiff had named these individuals as defendants, the claims against them would be dismissed because the Plaintiff has failed to state a cognizable § 1983 claim against them. These individuals appear to be private citizens and not state actors, as required to state a claim under § 1983. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982) (holding that to satisfy the state action requirement of § 1983, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State."); DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (holding that if a defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions."). Further, the Plaintiff's vague, conclusory, and nonsensical allegations against them fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a); [Doc. 1 at 12] ("Vernon W.

Pike touching in wrong place;" "Barbar S. Pike watching letting happen;" "Billy M. Pike smaking [sic] and beating;" "Charlie M. Pike rape;" and "Wanda A. Pike failure to report abuse of her daughter…").

The Plaintiff has also failed to state a § 1983 claim against the sole named Defendants, "Catawba County DSS social workers." [Doc. 1 at 2].

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir.1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir.1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff has provided no information from which the Court can conclude that he would likely be able to identify the social worker Defendant(s) through discovery.

Further, the Plaintiff has not adequately explained the nature of his claim. He vaguely refers to discrimination and blackmail, but he has not set

5

forth any supporting facts from which the Court can conclude that any plausibly constitutional violation occurred. See Fed. R. Civ. P. 8(a)(2) (stating that a short and plain statement of the claim is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Moreover, the relief that the Plaintiff seeks—recompense for the injuries to his daughter—is not available in this § 1983 action. To the extent that the Plaintiff attempts to seek relief on behalf of his daughter, he is not qualified to do so. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"). Therefore, the Plaintiff's claim that his daughter suffered an injury is dismissed.

The only relief that the Plaintiff seeks on his own behalf is the release from custody. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent that the Plaintiff seeks release from his present incarceration, he must do so, if at all, in a separate civil action.[4] See generally 28 U.S.C. § 2254.

Accordingly, the Complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

Finally, the Plaintiff has filed a Letter [Doc. 7], that is construed as a Motion to Appoint Counsel. He states that he would like free assistance from a volunteer attorney.[5] There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. Therefore, this Motion will be denied.

---

[4] The Court expresses no opinion about the merit or procedural viability of such an action.

[5] The Plaintiff also expresses interest in the Court's "settlement program." [Doc. 7 at 1]. This appears to be a reference to the Pro Se Settlement Assistance Program (PSAP). However, the Plaintiff is not eligible to participate in PSAP because that program does not apply to prisoner civil rights cases.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed without prejudice, and his Motion to Appoint Counsel is denied.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Plaintiff's Letter [Doc. 7] is construed as a Motion to Appoint Counsel and is **DENIED**.

4. The Plaintiff is instructed to refer to the minor rape victim only by her initials in all future filings with the Court.

The Clerk is respectfully instructed to mail the Plaintiff blank prisoner § 1983 and § 2254 forms, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: July 5, 2022

Martin Reidinger
Chief United States District Judge

9

Case 5:22-cv-00041-MR   Document 14   Filed 07/05/22   Page 9 of 10

10