IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00041-MR

| | |
|---|---|
| NATHAN PIKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CATAWBA COUNTY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Amended Complaint [Doc. 16]. He has also filed an Amended Application to proceed in forma pauperis [Doc. 17].[1]

The pro se Plaintiff, who is serving a sentence of between 20 and 29 years for first-degree statutory rape,[2] filed this action pursuant to 42 U.S.C. § 1983[3] against Catawba County DSS social workers in connection with his

---

[1] The Plaintiff previously moved to proceed in forma pauperis [Doc. 2], and the Court ordered the correctional institution where he is housed to transmit full payment of the filing fee [Doc. 8]. Accordingly, the Amended Application [Doc. 17] will be denied as moot.

[2] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID= 0641974&searchOffenderId=0641974&searchDOBRange=0&listurl=pagelistoffendersea rchresults&listpage=1 (last accessed Sept. 2, 2022); Fed. R. Evid. 201.

[3] The Plaintiff also purported to sue under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), but the Plaintiff named no federal actors as defendants. Accordingly, the action was construed as an action under § 1983. [See Doc. 14 at 2 n.2].

daughter's rape. [Doc. 1]. The Court dismissed the Complaint on initial review as frivolous and for failure to state a claim upon which relief can be granted. [Doc. 14]. The Court granted the Plaintiff 30 days to amend the Complaint to correct the deficiencies identified in the Order on initial review, and to attempt to state a claim. [Id.]. He was instructed that any Amended Complaint would be "subject to all procedural requirements and will supersede the Complaint." [Id. at 8]. The Amended Complaint is now before the Court for initial review. [Doc. 16].

The Plaintiff names as Defendants: Caldwell & Catawba Counties; Charlie M. Pike; Billy M. Pike; Wanda Pike; Vernon W. Pike; and Barbara S. Pike. [Doc. 16 at 1-3]. He states § 1983[4] claims for his "rights to freedom and a big lump some [sic] of money." [Id. at 3]. He claims that "Charlie Pike raped [his] daughter … and blamed [Plaintiff] for it" and that Caldwell and Catawba Counties and "DSS" harassed and blackmailed him. [Id. at 4-5]. As injury, he claims that his daughter was raped and impregnated. [Id. at 5]. For relief, he "want[s] them to let [him] go home with a lump some [sic] of money and lock up the guilty ones." [Id.].

---

[4] The Plaintiff again refers to Bivens, but he has not named any federal actor as a defendant, and therefore, the action is construed as an action under § 1983. [Doc. 16 at 3; see Doc. 14 at 2, n.2].

## II. STANDARD OF REVIEW

Despite the Plaintiff's payment of the filing fee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff's allegations are conclusory and devoid of factual support such that they fail to satisfy the most basic pleading requirements. [See Doc. 14 at 4-5]. Moreover, the Plaintiff has named five private citizens as Defendants, but he has failed to allege that they were acting under the color of state law. Accordingly the claims against them are dismissed for the reasons discussed in the Order on initial review of the Complaint. [Id. at 4-5].

The Plaintiff also names Caldwell and Catawba Counties as Defendants. However, he has failed to identify any theory under which the counties could be liable under § 1983. See generally Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (local governing bodies can be sued directly under § 1983 for monetary, declaratory, or injunctive relief "where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers").

The Plaintiff refers to "DSS" in the body of the Amended Complaint, but he has named no such entity as a Defendant and, therefore, this claim cannot proceed. [See Doc. 14 at 3-4].

The Plaintiff again appears to seek recompense for injuries to his daughter, which are unavailable in this § 1983 action. [Doc. 14 at 6].

4

Case 5:22-cv-00041-MR   Document 20   Filed 09/06/22   Page 4 of 6

Finally, the Plaintiff seeks relief that is not available in a § 1983 action. He again seeks release from his present incarceration, which is not available in this civil rights action. [Doc. 14 at 6-7]. He also seeks the imprisonment of "the guilty ones" [Doc. 16 at 5]; however, "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); see Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Brown v. Rowan Cnty. Det. Ctr., 2012 WL 5338574 (M.D.N.C. Oct. 30, 2012) ("an inmate does not state a constitutional claim by alleging that he was denied the right to press criminal charges).

The Amended Complaint is even more deficient than the original Complaint. It is frivolous and fails to state a claim upon which relief can be granted. The Court will, therefore, dismiss the Plaintiff's Amended Complaint on initial review with prejudice because further amendment would be futile.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Amended Complaint has failed to pass initial review pursuant to 28 U.S.C. § 1915A. As further amendment would be futile, the Amended Complaint is dismissed with prejudice and this action will be closed.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 16] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim upon which relief can be granted, as set forth in this Order.

**IT IS FURTHER ORDERED** that the Plaintiff's Amended Application to proceed in forma pauperis [Doc. 17] is **DENIED AS MOOT.**

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: September 6, 2022

Martin Reidinger
Chief United States District Judge

6

Case 5:22-cv-00041-MR   Document 20   Filed 09/06/22   Page 6 of 6